YARRUT, Judge.
This is a mandamus proceeding against the Clerk of Court in his capacity of Ex-officio Recorder of Mortgages for the Parish of Jefferson, for the cancellation of the inscription of a contract for the erection of a fence to enclose several lots of ground, under the following state of facts:
Relator, a building and loan association organized under the laws of this State, holds a vendor’s lien and mortgage on several improved lots of ground owned by one of its borrowers, who previously acquired the lots by Sheriff’s deed under a foreclosure sale to satisfy a defaulted mortgage.
On the mortgage certificate obtained by the Sheriff was the inscription of a contract, dated June 28, 1957, in favor of the Westside Fence Co. for $580 for the erection of a fence on the lots sold, recorded April 1, 1959, a few weeks in advance of the Sheriff’s deed on June 10, 1959 to relator’s borrower.
All encumbrances were cancelled at the request of the Sheriff except the recordation of the fence contract. When the Clerk of Court refused to cancel the latter inscription, notwithstanding the request of the Sheriff, this mandamus proceeding was instituted against the Clerk, with notice of demand served upon the Westside Fence Co. contractor.
A mortgage certificate, duly dated and signed on September 15, 1960, at 9:00 o’clock a. m., eleven days before the hearing a quo, shows no recordation against the property other than the contract involved herein. No labor or materialmen’s liens were reported. Though served with notice of demand, the fence contractor made no appearance.
*819 The District Judge made the mandamus peremptory and ordered the inscription cancelled. Respondent Clerk of Court alone has taken this suspensive appeal.
Since all parties who were interested were officially notified of the proceeding, the Clerk of Court was without interest to appeal. His duty to cancel became ministerial after the judgment of Court, which protected him.
As more than three years have elapsed from the date of the contract (June 28, 1957), and more than one year elapsed from its recordation (April 1, 1959), it is clear that the recordation of the contract is subject to cancellation forthwith under provisions of LSA-R.S. 9:4802. Whether or not a furnisher of labor or material under the provisions of LSA-R.S. 9:4812 may yet file a lien is not before us.
The judgment of the District Court is therefore affirmed.
Affirmed.